UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

Case No.  19-20403

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

RROK MARTIN CAMAJ

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors

provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing

Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____

is reduced to _____. If this sentence is less than the amount of time

the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐        This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

3

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative

remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the

defendant's request by the warden of the defendant's facility.

     IT IS SO ORDERED.

:

                                    s/Terrence G. Berg
                                    UNITED STATES DISTRICT JUDGE

Dated:   March 19, 2021

In determining whether Mr. Camaj is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether release would be consistent with the factors in § 3553(a).

The Court is satisfied that Mr. Camaj has exhausted his administrative remedies because he filed an email dated December 17, 2020 indicating that his warden denied a request for compassionate release. ECF No. 48.

With respect to the other factors that the Court must consider, however, Mr. Camaj has not presented reasons that are sufficient to justify his early release. As his "extraordinary and compelling reasons," Mr. Camaj points to medical records showing that he suffers from sleep apnea and back pain. Neither of these are conditions that the Centers for Disease Control has recognized as leading to an increased risk of contracting COVID-19. *See* https://perma.cc/L69K-Q7RJ. While Sixth Circuit case law has found that a court is not limited solely to considering certain health or other previously pre-defined categories of information in order to find an "extraordinary and compelling" reason for release,[1] given his comparatively young age and generally good health, the medical conditions cited by Mr. Camaj are not compelling. Even the letter Mr. Camaj submits from Dr. Michael J. Dukaj is less than conclusive, stating that patients with sleep apnea "*may* suffer from more severe illness symptoms leading to poor outcomes including hospitalization and mechanical ventilation" and further that sleep apnea is "*associated*" with other COVID-19 risk factors like hypertension, Type-2 Diabetes, and obesity.[2] ECF No. 47-1, PageID.337 (emphasis added). Evaluating the medical records and other information provided, the Court does not find Mr. Camaj to have alleged sufficient facts to support a finding of "extraordinary and compelling" reasons that would justify early release.

---

[1] *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021).

[2] Mr. Camaj (ECF No. 47, PageID.333) and the government (ECF No. 44, PageID.244) disagree on the question of whether Mr. Camaj is obese. Obesity is a high-risk factor that this Court has generally been found to be an "extraordinary and compelling" reason for release. But because the Court finds that the § 3553(a) factors counsel against release, it will not resolve the issue of whether Mr. Camaj suffers from obesity.

Second, the factors in § 3553(a) counsel against granting this motion. Mr. Camaj was the leader of an operation that trafficked guns internationally, and particularly in Australia, where firearms are highly regulated and difficult to obtain. His activities unquestionably presented a serious danger to the public. It is true that Mr. Camaj cites mitigating circumstances surrounding his conduct such as his timely acceptance of responsibility and efforts to support of law enforcement (which the government also points out), but the Court considered these facts when giving him a below-guidelines sentence. Primarily, the Court is concerned that Mr. Camaj has only served roughly five months of his forty two-month sentence, or about 12% of the term.[3] To reduce his sentence so significantly would not be consistent with the seriousness of the offense and would also undermine the goals of deterrence, protecting the public, and imposing a just sentence that are key considerations under § 3553(a).

The Court is also taking into account the severity of COVID-19 incidence at FCI Morgantown, where Mr. Camaj is incarcerated. Examining the publicly available data, FCI Morgantown experienced large COVID-19 outbreaks in December and January 2021. Since then, however, inmate active case numbers have been close to zero, though it is unclear whether inmates are being tested regularly. Staff case numbers have fluctuated between zero and nine since November, and there are currently six active staff cases. *See* Pandemic Response

---

[3] Although the sentence was for forty-two months, there is some ambiguity in the record as to when Mr. Camaj's release date will be. Plaintiff states it is either August 31, 2023 (Motion for Compassionate Release, ECF No. 41, PageID.202) or April 27, 2022 (Reply, ECF No. 47, PageID.332). The government does not provide a release date but merely indicates that he has "served just 10%" of his sentence as of January 2021. ECF No. 44, PageID.249. The Bureau of Prisons inmate locator on its website lists a release date of Aug 21, 2022. https://perma.cc/2YJN-9UE8. The Court will not resolve this question because it would not change the outcome. Even if the Court credited the earliest possible release date (April 27, 2022), Mr. Camaj would have served only about 26% of his sentence, and consideration of deterrence and seriousness of the offense would result in the same outcome.

Oversight, Dashboards of BOP COVID-19 Cases (March 16, 2021), https://perma.cc/83TS-WCPE.

Though the risk of contracting COVID-19 at FCI Morgantown seems low, a factor that informs this Court's decision, "it is the obligation of the Bureau of Prisons to ensure that those inmates who do not qualify for compassionate release are housed in conditions that genuinely reduce the risk of exposure to the virus." *United States v. Brown*, No. 2:18-CR-20293-TGB, 2021 WL 388465, at \*3 (E.D. Mich. Feb. 4, 2021). The Court takes note of Mr. Camaj's allegations that he is unable to socially distance at FCI Morgantown and that there are no facilities for inmates to isolate if they fall ill. ECF No. 41, PageID.207. If true, such conditions are clearly inadequate and need to be improved. The Bureau of Prisons must address this situation and should also immediately institute a vaccination program that guarantees the availability of the vaccine to all inmates who wish to receive it.

3